IN THE UNITED STATES COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| CAROLINA ACEVEDO-LÓPEZ, <br><br> Plaintiff, <br><br> v. <br><br> H&R BLOCK TAX SERVS., LLC, <br><br> Defendant. | CIV. NO.: 15-1240(SCC) |

**MEMORANDUM AND ORDER**

H&R Block sued Lutgardo Acevedo-López in federal court in Missouri, accusing him of violating a franchise agreement to which he had subscribed. H&R Block won that suit, and the court entered judgment in its favor. As part of that judgment, an injunction issued against Lutgardo[1] forbidding him "and all

---

1. I use Lutgardo Acevedo-López's first name here not out of disrespect, but because he shares the same last names with his sister, Carolina, who is the plaintiff in this suit.

ACEVEDO-LOPEZ v. H&R BLOCK                                                Page 2

persons in concert or participation with him" from (1) soliciting Lutgardo's former clients and (2) operating an income tax preparation business within 25 miles of his former territory. *H&R Block Tax Servs. LLC v. Acevedo-López*, Civ. No. 12-1320, ECF No. 149 (W.D. Mo. Oct. 1, 2014) (final judgment).

Subsequently, H&R Block came to suspect that Lutgardo's sister, Carolina, was working in concert with Lutgardo to violate the Missouri court's injunction. It thus registered that court's judgment in this court, *see* Misc. No. 14-420(JAG), served Carolina with a copy of the judgment, and then sought discovery aimed at proving that Carolina was violating the injunction. In response, Carolina filed this suit in Puerto Rico state court, which H&R Block removed to federal court. Docket No. 1. The Complaint seeks a declaratory judgment holding that the non-compete to which Lutgardo subscribed did not apply to her. Docket No. 1-4. She has also filed a motion for partial summary judgment in which she argues, essentially, that the Missouri judgment cannot be enforced against her because Puerto Rico's law of *res judicata* would not allow it. Docket No. 23.

Carolina's argument misses the point because H&R Block has at no time asked this Court to apply preclusion principles

ACEVEDO-LOPEZ v. H&R BLOCK                                                              Page 3

in finding the Missouri judgment binding on Carolina. Nor is it asking this Court to enforce the non-compete agreed to by Lutgardo against Carolina. To the contrary, H&R Block is attempting to enforce another federal court's injunction order against Carolina on the grounds that the order *itself* binds her. As noted, the injunction applies to persons acting "in concert or participation with" Lutgardo. This is proper under the Federal Rules, at least insofar as H&R Block can prove Carolina's knowledge of the injunction and her "active concert or participation" with Lutgardo in violation of it. Fed. R. Civ. P. 65(d)(2)(C); *see also Reich v. United States*, 239 F.2d 135, 137–38 (1st Cir. 1954).

Properly framed, it becomes clear that Carolina's suit is a collateral attack on the Missouri judgment. This is improper. *United States v. Schine*, 260 F.2d 552, 556–57 (2d Cir. 1958) (forbidding collateral attack on injunction by parties not named in original decree); *see also G.&C. Merriam Co. v. Webster Dictionary Co., Inc.*, 639 F.2d 29, 34 (1st Cir. 1980) (holding that an injunction generally may not be challenged by collateral attack); *N.LR.B. v. Unión Nacional de Trabajadores*, 611 F.2d 926, 928 (1st Cir. 1979) (same); WRIGHT & MILLER, FED. PRAC. & PROC. § 2960 ("[O]bedience to a decree is required, even

ACEVEDO-LOPEZ v. H&R BLOCK                                              Page 4

though the issuing court has based its decision on an incorrect view of the law, unless there was no opportunity for effective review of the decree.").

For this reason, Carolina's motion for partial summary judgment is DENIED.[2] In light of this ruling, moreover, Carolina has ten days to SHOW CAUSE why her Complaint should not be dismissed.

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 30th day of September, 2015.

S/ SILVIA CARREÑO-COLL

UNITED STATES MAGISTRATE JUDGE

---

2.  In making this ruling, I of course do not find that Carolina has violated the Missouri judgment, simply that it is not subject to collateral attack.