IN THE UNITED STATES COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| CAROLINA ACEVEDO-LÓPEZ,<br><br>Plaintiff,<br><br>v.<br><br>H&R BLACK TAX SERVS., LLC,<br><br>Defendant. | CIV. NO.: 15-1240(SCC) |

**MEMORANDUM AND ORDER**

In a memorandum and opinion dated September 30, 2015, I denied Plaintiff Carolina Acevedo-López's motion for partial summary judgment. Docket No. 27. Suspecting that the reasoning of that opinion precluded her claim entirely, I ordered Acevedo to show cause why her complaint should not be dismissed. *Id.* Acevedo did not respond to that first show cause order, and so on October 19, 2015, I entered an order dismissing Acevedo's complaint with prejudice and ordering her counsel, Atty. Juan Carlos Ramírez-Ramos, to show cause

why sanctions should not be entered against him for failing to respond to the court's order. Docket No. 29.

Atty. Ramírez did not respond to the second show cause order either, and so on October 28, 2015, I fined him $500 and ordered him to explain his failures to respond to the first and second show cause orders. Docket No. 30. I made these responses due October 29, 2015, and ordered that the sanctions increase by $50 each day that they went unpaid. *Id.* Atty. Ramírez nevertheless did not respond to the third order to show cause either, and so a fourth was entered; this time, he was ordered to attend a hearing on November 6, 2015. Docket No. 31.

That hearing was held as scheduled.[1] According to Atty. Ramírez, his failure to respond to the Court's orders was caused by Gmail's inexplicable decision to forward the Court's electronic notifications to his spam folder, something that it had not previously done. Atty. Ramírez stated that he had not received any of the Court's notifications since the initial scheduling conference held on September 8, 2015. Thus, for

---

1. Atty. Ramírez appeared fifteen or twenty minutes late for the show cause hearing. He blamed this fact on traffic, but given the circumstances he ought to have been more focused on timeliness.

almost two months he had been in the dark as to this case, not thinking he ought to investigate why nothing had been heard from the Court or the defendant. For this reason, Atty. Ramírez was not aware even of the denial of his client's motion for partial summary judgment, nor had he seen or responded to the defendant's motion to compel. *See* Docket No. 24. It seems Atty. Ramírez only showed up for today's hearing because counsel for the defendant faxed him a copy of the Court's most recent order.

Though I am inclined to believe Atty. Ramírez's explanation for his noncompliance, I am unmoved by it. Attorneys' duty to prosecute their cases and comply with orders survives technical problems, especially when the noncompliance is as egregious and longstanding as it was here. I will thus not lift the sanctions against Atty. Ramírez, though I will waive the enhancements for late payment; he remains fined $500, which must be paid by November 16, 2015.

Counsel for the defendant also appeared at the hearing and informed the Court that despite the granting of its motion to compel on October 19, 2015, Acevedo has not yet responded. It thus asked that all objections to its interrogatories be deemed waived, in light of which request Atty. Ramírez promised to

ACEVEDO-LOPEZ v. H&R BLOCK                                                                    Page 4

answer the questions completely, not relying on objections. Atty. Ramírez also stated that responses to the interrogatories and requests for production would be delivered the day of the hearing, November 6, 2015. The only outstanding issue regarding the production would then be Acevedo's client list, which Atty. Ramírez promised to produce by November 13, 2015, in Microsoft Excel format. The defendant also asked that its requests for admission be deemed admitted, but I denied that request on account of the prejudice it would cause Acevedo; rather, Atty. Ramírez was given three days—that is until Wednesday, November 11, 2015—to answer the requests.

Thus no further sanctions shall be entered against Atty. Ramírez, but he is warned that the Court will not take lightly further failures to comply with his obligations.

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 10th day of November, 2015.

S/ SILVIA CARREÑO-COLL
UNITED STATES MAGISTRATE JUDGE